### IRWIN *v.* MAYOR, ETC., OF NEW YORK CITY.

*(Supreme Court, General Term, First Department.* March 28, 1890.)

EMINENT DOMAIN—COMPENSATION—INTEREST.

    Laws N. Y. 1888, c. 191, § 3, relating to the acquisition of lands for school purposes, provides that, on the final confirmation of the report of the commissioners appointed to condemn land for school purposes, the mayor, etc., of the city of New York "shall become and be seised in fee-simple absolute of the lands included in said report, * * * and thereupon the said mayor * * * shall immediately take possession of the same, without any suit or proceedings at law for that purpose." Section 4 enacts that "the comptroller of the city of New York, upon the confirmation of the said report, shall pay to the parties entitled thereto the respective sum or sums so estimated and reported in their favor, respectively, with lawful interest from the date of such confirmation; and, in default thereof within four calendar months after the date of such confirmation, said persons or parties respectively, his, her, or their respective heirs, executors, administrators, successors, or assigns, may sue for and recover the same, with lawful interest, from and after demand thereof, and the costs of suit." *Held* that it was intended that the city should not be put into default and chargeable with interest until a demand was made for payment of the award, but that after demand had been made the city would be in default, and the ordinary rules as to the running of interest would apply.

Submission on agreed statement.

Action by Robert Irwin against the Mayor, etc., of the city of New York. Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ. *Townsend & Mahon,* for plaintiff.  *C. N. Harris,* for defendant.

VAN BRUNT, P. J.   On the 30th of July, 1889, the report of the commis-:sioners of estimate in the matter of acquiring lands for school purposes was duly confirmed.   In said report the commissioners awarded the sum of $59,-·250 to the plaintiff, as damages for the taking of certain lands owned by him, which were taken for school purposes.   On the 26th of August, 1889, the ·plaintiff made due demand for the payment of the amount of the award made ·to him, with interest.   On the 9th of October, 1889, the defendants tendered ·to the plaintiff the sum of $59,250 the amount awarded by the report of the ·commissioners, which was refused by him on the ground that interest on said sum from the date of confirmation of said report was by law due and owing ·to him.   On the 4th of December, 1889, the plaintiff served another notice, demanding payment, and served the same upon the comptroller.   More than ·30 days having elapsed since the service of such notice upon the comptroller, and no part of such claim or interest having been paid by defendants, upon ·this agreed state of facts the plaintiff asks judgment; the sole difference between the plaintiff and defendant being that the plaintiff claims that he is en-·titled to interest on the award made to him from the date of the confirmation ·thereof, whereas the defendant insists that he can claim interest only from ·and after four months from said date.   By chapter 191 of the Laws of 1888, § 3, (being the act under which these proceedings for condemnation were ·had,) it is provided that, on the final confirmation of the report of the com-·missioners "the mayor, aldermen, and commonalty of the city of New York shall become and be seised in fee-simple absolute of the lands included in said report, the same to be converted, appropriated, and used to and for the afore-·said purposes, accordingly; and thereupon the said mayor, aldermen, and ·commonalty, by the board of education of said city, shall immediately take ·possession of the same, without any suit or proceedings at law for that purpose," and all leases and other contracts then cease.   And section 4 enacts that "the comptroller of the city of New York, upon the confirmation of the said report, shall pay to the parties entitled thereto the respective sum or sums so estimated and reported in their favor, respectively, with lawful inter-·est from the date of such confirmation, and, in default thereof within four calendar months after the date of such confirmation, said persons or parties, respectively, his, her, or their respective heirs, executors, administrators, suc-·cessors, or assigns, may sue for and recover the same, with lawful interest from and after demand thereof, and the cost of suit."

The provisions of this act in respect to interest are manifestly contradictory. By the first portion of the section the comptroller is required to pay the award, with interest from the date of the confirmation of the report, while the con-·cluding part provides that, in case of a failure to pay within four months after the date of confirmation, a suit may be brought; and the recovery is limited to the amount of the award, with lawful interest from and after a demand has been made for payment.   By the terms of this act it was undoubtedly the ·duty of the comptroller, upon the confirmation of the report, to pay to the par-·ties entitled thereto the sums awarded to them, with lawful interest from the date of such confirmation.   But in the case of the bringing of a suit in order to collect the amount of the award, a different rule in regard to the question of interest is fixed by the wording of the statute, which provides that, if the award is not paid within four calendar months after the date of ·confirmation, a suit may be brought to recover the same, with lawful interest from and after the demand thereof.   Hence, if the demand had been made for the payment of this award immediately upon its confirmation, then interest would commence to run from that time in case a suit had been brought.   If

that demand was delayed for any period or length of time, then it evidently was the intention of the legislature that, in case of the bringing of a suit, interest should only be recovered from the time of the making of the demand; in other words, the result of the legislation seems to be that if the defendants chose to wait the four calendar months after the date of confirmation, and only to pay at the end of an action, they would be required to pay interest only after demand had been made upon them, whereas, in the case of a voluntary payment, they would be compelled to pay interest from the date of confirmation.

We are unable to reconcile these seemingly inconsistent provisions; but it seems to us that it was intended that the city should not be put in default, and chargeable with interest, until a demand was made upon them for the payment of the award. This is the clear language of the statute, and it is manifest that it was not intended that the owners of these awards should be allowed to lend their money to the city at the legal rates of interest, which they would virtually be doing by failing to demand payment of the same, if the plaintiff's construction of the acts in question should prevail. After demand had been made and refused, then the city would be in default, and the ordinary rules with regard to the running of interest would apply. It seems to us that this is the clear intention of the legislature, and that the interest upon the award commenced to run from the time the demand was made upon the comptroller for the payment of the same. Such demand having been made on the 26th of August, 1889, the plaintiff seems to be entitled to recover interest from that time. Judgment ordered accordingly. All concur.